DLD-263                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2482
_____

IN RE:  ERIC KENNETH JONES,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-13-cv-02526)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 2, 2015
Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: July 8, 2015)
_____

OPINION*
_____

PER CURIAM

        Petitioner, Eric Kenneth Jones, asks this Court for a writ of mandamus ordering

the District Court to explain the delay in his habeas case "in which relief is eminent

[sic]."  Jones filed his habeas petition in the District Court on October 8, 2013.  In May of

2014, he requested permission to amend his petition.  The District Court allowed the

amendment, which was filed on June 13, 2014.  In July, Jones moved to amend his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

memorandum of law.  The District Court granted that motion and granted the respondents' corresponding motion for an extension of time to respond to any amended filing.  Jones did not file an amended memorandum but, on August 4, 2014, filed a "motion to have habeas corpus relief granted, based off state court record."  In that motion, Jones argued that the District Court should grant him relief based on review of the state court record without waiting for a response to his petition.   The District Court denied Jones's request and granted the respondents' request for one more extension of time.  After the response was filed on September 15, 2014, Jones moved for an extension of time to file a reply, which was also granted.  On October 31, 2014, less than a month after filling his reply, Jones filed a "motion to compel the court not to delay in its decision to grant relief" stating that respondents had not shown any reason why his request for relief should not be granted.  Jones also moved for immediate bail pending the determination of his claims.  On May 13, 2015, the District Court referred the petition to a Magistrate Judge, who denied the pending motions.  Jones opposed the order referring the case and, on June 18, 2015, filed a petition for writ of mandamus, asking this Court to order the District Court to "explain the delay" in granting him relief.  On June 26, 2015, the Magistrate Judge issued a report and recommendation to deny Jones's habeas petition.

"Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power."  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005)(quotation omitted).  To demonstrate that mandamus is appropriate, a petitioner must establish that

he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means to obtain the desired relief." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996)(superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c)).

Jones has not met the standard for the issuance of a writ of mandamus. Jones has caused a significant portion of the delay in his own case by requesting extensions of time and permission to amend his filings. In addition, Jones's case is moving forward apace and the Magistrate Judge has already issued a report and recommendation. We will deny the petition.